**Jim DUDLEY, County Attorney et al.,**
Appellants,

v.

**James T. ROBERTS et al., Appellees.**

No. 4398.

Court of Civil Appeals of Texas,
Eastland.

July 31, 1970.

Rehearing Denied Sept. 4, 1970.

Saul Pullman, Eastland, for appellants.

C. O. McMillan, Stephenville, for appellees.

GRISSOM, Chief Justice.

On April 5, 1969, an election was held in Justice Precinct Number 4 of Comanche County to determine whether the sale of alcoholic beverages for off-premises consumption should be permitted. The results were canvassed by the Commissioner's Court on April 14, 1969. It found that the majority of those voting at said election voted to permit such sale and, on April 14th, entered an order authorizing such sale. On April 18, 1969, James T. Roberts et al. filed a contest of said election. On October 23, 1969, the district court tried said contest and rendered judgment setting aside the order permitting such sale. When the contest was called for trial the intervenors filed a motion to dismiss it because contestants had not been diligent in prosecuting the contest. Upon a trial before the court, judgment was rendered sustaining said contest and setting aside the order permitting such sale. The contestees have appealed.

Appellants' points are that (1) the court erred in failing to grant intervenor's motion to dismiss the contest because Article 666-40a of the Vernon's Ann.Penal Code provides that such an election contest shall have precedence in the district and appellate courts "and appellees failed to abide with this statutory directive" and that (2) appellants were denied due process of law because appellees failed to diligently prosecute their contest.

There is no order in the record showing that appellants' motion to dismiss the contest was presented to and overruled by the court. The record does not show that any evidence was offered in support of that motion. Of course, the appellants have the burden of showing some erroneous action of the trial court which resulted in their injury. Considerable time elapsed between the timely filing of the contest and rendition of the judgment, however, the record does not show that this case did not have precedence over all other cases in the district court nor does it show that the delay in the trial court was not caused by appellants. Our records show that the only delay in this court occurred as a result of the request of appellants. The statute does not fix a time within which an election contest must, in all events, be tried. The cases cited by appellants do not support their contention that the actions complained of constitute reversible error. Said points are overruled. The judgment is affirmed.